Shauck, J.
The plaintiff brought suit in the court of common pleas on behalf of himself and all other creditors of the Park Hotel Company, an insolvent corporation, against all the stockholders of said corporation, for the purpose of enforcing the liability imposed upon them by the statute. To this suit nurherous defenses were interposed by J. G. Gilmore, who was sued as the executor of the last will and testament of'John C. English, a deceased stockholder.
By agreement, there was a finding against the defendant upon all the allegations of his answer, except the following, viz.: That within eighteen months prior to the commencement of the suit, the defendant was appointed and qualified as such executor; that he gave due notice of his appointment, and that no claim on account of the liability here sought to be enforced was ever exhibited to him. Upon these allegations the finding was in favor of the defendant.
The question for determination is, whether a suit to enforce the statutory liability of a deceased bolder of stock in an insolvent corporation can be maintained against bis personal representative, without the prior presentation of a claim on account of such liability.
Counsel for the defendant insists that the plaintiff is within the inhibition of section six thousand one hundred and eight, of the revised statutes, which provides, that no executor shall be liable to the suit of a creditor of the deceased until after the expiration of eighteen months from the date of bis administration bond; and that, in view of the facts found, the *106 case is not within any of the exceptions contained in that section.
That this suit is not within any of the exceptions referred to is obvious. Whether it is within the inhibtion of this section, must be determined from a consideration of the object of the statute, the language employed, the nature of the liability asserted, and other provisions of law relating to the subject of the suit.
The assets.of the corporation are the primary resource for the payment of the demands of his creditors. The statutory liability of the stockholders is a secondary resource, available in equity to all creditors alike. In a suit brought'to enforce such liability, it is the duty of the court also to ascertain and enforce the equities arising among the stockholders inter sese. No mode has been suggested, and none occurs to us, by which the plaintiff could ascertain the true amount of his claim for which the defendant was liable.
That would involve a knowledge of the entire liabilities of the corporation, of the assets of the corporation, and of the amount of the capital stock held by persons who are solvent.
These are essential factors in the computation, and the ascertainment of some of them, at least, is within the purposes of this suit.
It is, perhaps, in view of the practical impossibility of ascertaining the amount actually owing to one about to institute s.uch a suit from any stockholder or his personal representative, that counsel for the defendant insists that it was incumbent upon the plaintiff as dominus litis to exhibit to the defendant a claim on account of the deceased stockholder’s liability»' to all the creditors of the corporation, and for an amount equal to the amount of the stock which he held. Unless the presentation of claims is a meaningless ceremony, this view of the plaintiff’s duty must be rejected. If it required him to exhibit a claim for the true amount of the deceased stockholder’s indebtedness to all the creditors, it would relieve him from none of the difficulties already suggested. To say that the claim presented should be for the amount of the stock held by the deceasd, involves an inaccurate statement of the law relating to the liability of a stockholder. *107 While, in such case, there may be a judgment against the stockholder for a sum equal to the amount of the stock held by him, if that amount be necessary for the payment of all the creditors of the corporation, his liability may in other cases be discharged by the payment of a less sum.
The correctness of this view may be further tested by a consideration of some of the consequences to which it leads. If the plaintiff may act for all the creditors in the presentatation of a claim in such a case, he may prejudice them by stating the liability to be less than it really is. And he may, also, if the claim be rejected, by failure to bring suit within six months, cause the claims of other creditors of the corporation to be defeated by the limitation provided in section six thousand and ninety-seven.
While the plaintiff might have executed to the defendant a valid release as to his own demand, it is obvious that he could not discharge him from his statutory liability to the other creditors, or from his equitable obligations to other stockholders. Certainly the relation of debtor and creditor cannot be said to exist between the parties to an obligation, in respect to which one cannot execute to the other a valid acquittance.
Nor could the presentation of a claim on account of this liability have accomplished the object of these provisions of the administrator’s act. That object is “ to afford the administrator an opportunity to allow all valid claims against the estate, and thereby avoid litigation and expense. It was designed to protect estates from unnecessary costs and vexation where the administrator is satisfied that the claim is just and valid.” Boynton, C. J., in Pepper v. Sidwell. 26 O. S., 457. To attain that object, -it is necessary that the claim exhibited be of such a character that it can be adjusted by the claimant and the administrator. If a claim on this account had been exhibited to the executor, he could have taken no action with respect to it which would have avoided the necessity for joining him in this suit. The amount necessary to discharge the liability could not have been ascertained, and by the express provision of section three thousand two hundred and sixty, the defendant would, at all events, be a necessary party to this suit.
Artz & Mooney for plain tiff.
M. A. Daugherty for defendant.
Without attempting to give a general definition to the term “ creditor,” as used in these sections of the administrator’s act, we conclude that it can have no proper application to one who asserts a demand of this nature.
Since the full liability of all the stockholders will be insufficient to pay the debts of the corporation, the defendant is liable for an amount equal to the stock held by the deceased, with interest thereon from the beginning of this suit.
Judgment accordingly.